IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RANDALL D. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | No. 10-4133-CV-C-JCE-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff is appealing the final decision of the Secretary denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § § 1381 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be affirmed.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on

1

the record as a whole.  Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A).  Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990).  In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment.  Id.  Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

When substance abuse is involved, the ALJ must determine whether the claimant is disabled in view of all limitations, including those caused by substance abuse.  If the claimant is found to be disabled, but there is evidence of substance abuse, the ALJ must determine what limitations would remain if the substance abuse ceased.  If the claimant is found to be not disabled when the effect of substance abuse is not considered, it must be concluded that the substance abuse was the material factor to the initial finding of disability.  The claimant carries the burden of proving that substance abuse is not a contributing material factor.  *See Brueggemann V. Barnhart*, 348 F.3d 689, 693-95 (8th Cir. 2003); *Kluesner v. Astrue*, 607 F.3d 533, 537 (8th Cir. 2010).

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled.  The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations

by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.

The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

## Discussion

Plaintiff was born on July 26, 1957, has a high school education with one year of college, and has worked primarily as a house painter, with short periods of employment as a sales person in a liquor store and as a CNA in a nursing home.

Plaintiff asserts that he suffers from a bipolar disorder with a borderline personality disorder. He asserts that the fact he was self-medicating with alcohol and drugs does not overcome the fact that he has a serious mental disorder that is present when he is not using alcohol and drugs. He further asserts that he has had 11 hospitalizations as a result of his condition.

Plaintiff testified at the hearing before the ALJ that he currently only drinks a few beers with his son upon his son's visits, which are no more than monthly, and that he has not used marijuana since January 1, 2007, the year of the hearing, and has used no cocaine for the past 2 ½ to 3 years. He states that he suffers periods of depression which cause him to go to bed

3

between 9:00 and 10:00 in the evening and get up between 12:00 and 1:00 p.m. the following day. He used to experience periods of frequent crying, and states "it just doesn't feel like I have any tears left." He also experiences periods in which he is manic and describes himself as feeling like God. During those periods, he has difficulty eating or sleeping. He goes to a grocery store only out of necessity because crowds at the store make him nervous; that he has problems with short-term memory and cannot handle money. He is able to keep his doctor's appointments by virtue of assistance of his 73-year-old father.

It was the finding of the ALJ that

1. The claimant only met the insured status requirements of the Social Security Act through June 30, 2008.

2. The claimant has not engaged in substantial gainful activity since July 15, 2004, the alleged onset date (20 CFR 404.1520(b) , 404.1571 *et seq.*

3. The claimant has the following severe impairments: bipolar disorder type I with symptoms of psychosis, alcohol abuse and drug abuse (20 CFR 404.1520 ( c) and 416.920 ( c )).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d)).

5. After careful consideration of the entire record, the undersigned finds that, based on all of the impairments, including the substance use disorders, the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: his ability to remember locations and work like procedures is poor; his ability to understand and remember even very short and simple instructions over the course of a regular 8-hour workday is poor to fair; he would not be able to maintain concentration and attention for extended periods, he would not maintain a schedule, he would need supervision to maintain a routine and he would be easily distracted by others and would not be able to get along with co-workers or peers.

6. The claimant is unable to perform any of his past relevant work (20 CFR

404.1565 and 416.965).

7. The claimant was born on July 26, 1957 and was 46 years old, which is defined as younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. The claimant's acquired job skills do not transfer to other occupations within the residual functional capacity defined above (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience and residual functional capacity based on all of the impairments, including the substance use disorders, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560 ( c ), 404.1566, 404.960 ( c), and 416.966).

11. If the claimant stopped the substance use, the remaining limitations would cause more than a minimal impact on the claimant's ability to perform basic work activities; therefore, the claimant would continue to have a severe impairment or combination of impairments.

12. If the claimant stopped the substance use, the claimant would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d)).

13. If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: restricted to work with infrequent contact with the public.

14. If the claimant stopped the substance use, the claimant would be able to perform his past relevant work as a painter. This work does not require the performance of work-related activities precluded by the residual functional capacity the claimant would have if he stopped the substance use (20 CFR 404.1565 and 416.965)

15. Because the claimant would not be disabled if he stopped the substance use (20 CFR 404.1520(f) and 416.920(f), the claimant's substance use disorders is a contributing factor material to the determination of disability (20 CFR 404.1535 and 416.935). Thus, the claimant has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of

this decision.

The ALJ discredited plaintiff's testimony because of his noncompliance with his treating physician's directions. He found that during each of plaintiff's admissions to the state mental health center during the period in question in this case, substance abuse was involved. He was repeatedly warned to stop abusing substances, but those warnings were ignored. While plaintiff argues that this behavior was a symptom of his mental disease, the ALJ found in the record evidence that plaintiff's decision to abuse substances was based upon personal enjoyment. The ALJ noted plaintiff's ability to work with his bipolar disorder in the past. He also based his credibility findings on plaintiff's inconsistent work history and his demeanor at the hearing.

The record as a whole supports the ALJ's credibility analysis. While this Court gives only marginal weight to the plaintiff's demeanor at the hearing, it is not err for the ALJ to consider it, combined with the other factors he has enunciated.

The ALJ found plaintiff's limitations to be disabling, and because of his substance abuse, he then considered what limitations plaintiff would suffer absent that abuse. The ALJ found no evidence in the record indicating plaintiff's symptoms would continue if he abstained from substances and found treatment directives. He did not credit opinions of plaintiff's treating psychiatrist and psychiatric nurse because their assessments made no reference to plaintiff's substance abuse. He also discredited their assessment because of inconsistencies in the record. Plaintiff contended that he had trouble with attention and concentration, but reported that he

enjoyed watching baseball games and following a particular team. He was responsible for taking his own medication and was able to live alone.

Plaintiff argues that in addition to the opinions of the treating psychiatrist and nurse, the ALJ disregarded the non-examining assessment of Dr. Frisch. However, the assessment of Dr. Frisch did not rise to the level of disabling. He found plaintiff could carry out simple work instructions; sustain an ordinary routine; interact with peers and supervisors, and adapt to changes in a low demand work setting.

Based on the record before it, the Court finds that the ALJ's decision is supported by substantial evidence in the record, Clark v. Sullivan, 768 F. Supp. 278, 280 (W.D. MO 1991), and that plaintiff has failed to meet his burden of proving that he has an impairment that precludes him from engaging in substantial gainful activity. Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary be, and it is hereby, affirmed.

    /s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: August 29, 2011